# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| 4R4 SONS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRU G WILHELM, INC., <br><br> Defendant. | Case No.: 2:21-cv-01081-GMN-NJK <br><br> **Order** <br><br> [Docket No. 29] |

Pending before the Court is Defendant Tru G. Wilhelm, Inc.'s motion to compel disclosure of damages calculation. Docket No. 29. Plaintiffs filed a response in opposition. Docket No. 32. Defendant filed a reply. Docket No. 34. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**.

**I.    BACKGROUND**

This case arises out a commercial landlord-tenant dispute between Plaintiffs and Defendant. On May 5, 2021, Plaintiffs brought the instant action in state court for claims arising out of Defendant's termination of Plaintiffs' lease. Docket No. 3-17. Plaintiffs allege that Defendant breached their underlying lease agreement and the implied covenant of good faith and fair dealing by attempting to terminate Plaintiffs' lease. *Id.* at 11-12. Specifically, Plaintiffs seek declaratory relief and injunctive relief from the Court declaring that Plaintiffs did not default on or breach their lease and enjoining Defendant from terminating the lease. *Id.* at 13. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to a provision of the lease. *Id.* On June 7, 2021, Defendant Tru G. Wilhelm, Inc. removed the case to federal court on the basis of diversity jurisdiction. *See* Docket No. 1. Motion practice ensued following removal, with the filing of motions to dismiss and a motion to remand. Docket Nos. 10, 15. Those motions remain pending.

On August 20, 2021, Plaintiffs served on Defendant initial disclosures that include the following damages computation:

> Because of the surreptitious nature of Defendant's actions, Plaintiffs cannot yet complete their computation of damages and will supplement this disclosure as additional information is obtained regarding the same. Plaintiffs reserve the right to amend, supplement, or add to this calculation without limitation as discovery progresses.

Docket No. 29-2 at 5. The parties are now before the Court on a dispute as to the sufficiency of this disclosure.

## II.  STANDARDS

Parties must provide initial disclosures to one another without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(A). The disclosures must include a computation of each category of damages claimed by the plaintiff. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

"Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003). Courts apply the rules governing initial disclosures with an eye toward "common sense." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011) (citing *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004)). "The level of specificity for the damages computation varies depending on the stage of the litigation and the claims at issue." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) (quoting *Tutor-Saliba*, 218 F.R.D. at 220).

"A party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). As such, "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment. A less-developed damages computation may also suffice at the initial stages of litigation when a fulsome computation requires expert analysis or discovery. *See Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569-70 (C.D. Cal. 2009); *Tutor-Saliba* 218 F.R.D. at 222. While this case law provides flexibility as appropriate based on the circumstances

2

of a particular case, litigants should not confuse it as an invitation to engage in gamesmanship with respect to their initial disclosure obligations. *Cf. Jackson*, 278 F.R.D. at 592 (warning against gamesmanship with respect to initial disclosure obligations). The key to the analysis is whether the required information is "reasonably available" to the plaintiff. *Silvagni*, 320 F.R.D. at 241. When a plaintiff knows at the outset the information necessary for a fully articulated damages computation, it must provide one.

Failure to comply with the initial disclosure requirements can give rise to a variety of consequences. For example, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure." Fed. R Civ. P. 37(a)(3)(A). An "incomplete disclosure . . . must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4). The party resisting disclosure bears the burden of persuasion with respect to the motion to compel. *Cf. V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). If the movant succeeds in the motion to compel, it may be entitled to an award of expenses. Fed. R. Civ. P. 37(a)(5)(A).

**III.  DISCLOSURE ANALYSIS**

The damages computation that Plaintiffs provided in their initial disclosures fails to allege any damages. Docket No. 29-2 at 5. In the underlying complaint, Plaintiffs allege that they will seek fees and costs associated with the litigation should they prevail, pursuant to a section of the underlying lease between the parties. *See* Docket No. 1-17 at 13. Plaintiffs fail to provide an adequate justification for their failure to comply with the requirements of Federal Rules of Civil Procedure 26(a)(1(A)(iii).

Plaintiffs submit that they need not provide a rule-compliant damages computation because Defendant may use it to show that a sufficient amount in controversy exists for the purpose of establishing diversity jurisdiction in relation to the pending motion to remand. Resp. at 2, 6. Plaintiffs, however, offer no legal authority to support the contention that they are excused from complying with their disclosure obligations on the basis that a proper computation could prove useful to establish jurisdiction. Further Plaintiffs fail to address the legal authority that is flatly contrary to their position. *Crocker v. Sky View Christian Acad.*, Case No. 3:08-cv-00479-LRH-

3

VPC, 2009 WL 77456, at *3 (D. Nev. Jan. 8, 2009) (rejecting argument that mandated disclosure of damages computation would circumvent removal requirements and ordering the disclosure of a proper computation for use by the defendants to establish subject matter jurisdiction); *see also Rushing v. Nev. Mut. Ins. Co.*, Case No. 2:13-cv-00683-APG-GWF, 2013 WL 2491359, at *2 (D. Nev. June 10, 2013) (chastising the plaintiff for arguing an insufficient amount in controversy while hiding the evidence relevant to that issue). In short, the Court is not persuaded that Plaintiffs should be permitted to sidestep their disclosure obligations simply because a proper disclosure may establish an element necessary for subject matter jurisdiction.

In light of the above, the damages computation provided is insufficient and a proper computation will be compelled.

**IV.    SANCTIONS ANALYSIS**

Defendant also seeks sanctions against Plaintiffs and Plaintiffs' counsel for their failure to properly provide a computation of damages with their initial disclosure. Docket No. 29 at 7-10. Plaintiffs oppose that request. Docket No. 32 at 7.

A pillar of federal litigation is that discovery should proceed with minimal involvement of the Court. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Instead of forcing court involvement with every dispute, attorneys are expected to approach discovery with an eye toward cooperation, practicality, and sensibility. *Cardinali v. Plusfour, Inc.*, Case No. 2:16-cv-02046-JAD-NJK, 2019 WL 3456630, at *11 (D. Nev. June 20, 2019). The governing rules reflect this in several ways, including providing a presumption that reasonable expenses—including attorneys' fees—will be awarded to the party that prevails on a discovery motion. Fed. R. Civ. P. 37(a)(5)(A); *see also Olesczuk v. Citizens One Home Loans*, Case No. 2:16-cv-01008-GMN-NJK, 2016 U.S. Dist. LEXIS 153342, at *3 (D. Nev. Nov. 4, 2016).[1] By design, these "rules should deter the abuse

---

[1] Such expenses are awarded after an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). An "opportunity to be heard" does not require either a formal hearing or a separate motion for an award of expenses. *See, e.g., Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). When a motion to compel itself seeks an award of expenses, a sufficient opportunity is afforded in that the responding party may present argument in its

implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists." Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; *see also Marquis Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

The losing party may rebut the presumption of an award of expenses by establishing that its nondisclosure, response, or objection was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Substantial justification exists when "reasonable people could differ on the matter in dispute." *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006). The burden is on the losing party to establish substantial justification. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983)). District courts have "great latitude" in imposing discovery sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985). Further a Court need not impose sanctions where "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(iii).

The Court finds that the circumstances in the instant case would make an award of expenses unjust. Therefore, the Court **DENIES** the request for sanctions.

## VI. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED**. Docket No. 29. Plaintiffs must serve a rule-compliant damages computation no later than October 15, 2021.

IT IS SO ORDERED.

Dated: October 1, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

response to the motion to compel. *Kiessling v. Rader*, Case No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *5 (D. Nev. Mar. 20, 2018).