UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 4R4 SONS, LLC,<br>　　　　Plaintiff,<br>v.<br>TRU G. WILHELM, INC.,<br>　　　　Defendant. | Case No.: 2:21-cv-01081-GMN-NJK<br>**Order**<br>[Docket No. 70] |

　　　　Pending before the Court is Defendant's motion to extend the discovery and dispositive motion deadlines, which was filed on an emergency basis. Docket No. 70.

　　　　"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

　　　　In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has

shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43.

Defendant has failed to demonstrate that its motion warrants expedited treatment. Instead, the motion will be briefed and decided in the ordinary course. In the interim, the scheduling order at Docket No. 43 remains in place.[1]

IT IS SO ORDERED.

Dated: March 21, 2022

Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to the merits of the motion.