# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| 4R4 SONS, LLC, et al.,<br>　　　Plaintiffs,<br>v.<br>TRU G. WILHELM, INC.,<br>　　　Defendant. | Case No.: 2:21-cv-01081-GMN-NJK<br>**ORDER**<br>[Docket Nos. 98, 102, 104, 108, 109, 120] |

This case relates to an ongoing landlord-tenant dispute regarding a commercial property that is owned by Defendant and rented by Plaintiffs. Now before the Court are several discovery disputes related to Defendant's attempts to depose Joseph Gagliano and to subpoena documents. *See* Docket Nos. 98, 102, 104, 108, 109. These matters are properly resolved without a hearing. *See* LR 78-1.

**I.    NOTICE TO COUNSEL**

The Court expresses at the outset its concern about the behavior of both counsel in this case. Because of the abusive litigation tactics displayed in the briefing currently before the Court in these discovery motions, the Court feels compelled to remind counsel of their obligations to one another and to the Court.

Litigation in general and discovery in particular are subject to an overriding requirement that attorneys act in good faith. *See, e.g.*, *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). The guiding principles of navigating the discovery process are cooperation, sensibility, and practicality, not harassment and obstruction. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015). The Federal Rules of Civil Procedure were specifically amended for the purpose of emphasizing the importance of common-sense cooperation between counsel and to curb a culture of scorched earth litigation tactics. *Nationstar Mort. v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 331 (D. Nev. 2016). Moreover, this Court's local rules require attorneys to be professional and courteous to one another. *See*

Local Rule 1-1(c). Refusal to work in good faith with opposing counsel "not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994).

Counsel for both parties in this case have failed to act in good faith toward one another throughout the various discovery disputes currently before the Court. The briefing is filled with personal attacks between the parties and lengthy recitations of facts and information irrelevant to the discovery disputes. This has resulted in hundreds of pages of briefing before the Court on relatively simple discovery disputes, causing the expenditure of considerable Court and client resources. Moreover, the sheer volume of discovery disputes presently before the Court is a red flag that the discovery process has not been conducted in accord with counsels' obligations to one another, their clients, and the Court. *Cf. Covino v. Spirit Airlines, Inc.*, 2021 WL 2955898, at *4 (D. Nev. July 14, 2021) (internal citations omitted). The Court expects cooperation and civility moving forward in this case.

## II.     THE DEPOSITION OF JOSEPH GAGLIANO

Pending before the Court is Plaintiffs' motion for a protective order to limit the scope of examination as to the to-be-continued deposition of non-party witness Joseph Gagliano. Docket No. 98. Defendant opposes Plaintiffs' request. Docket No. 107. Also pending before the Court is Defendant's countermotion to compel disclosure of the contested information that was sought at the deposition of Gagliano, as well as the continuation of Gagliano's deposition. Docket No. 108. Defendant deposed Gagliano on May 18, 2022, at 11:00 a.m. *See, e.g.*, Docket No. 107-1. Gagliano was located in Texas at the time of his deposition, which was conducted via videoconference. *See id.* at 5. Due to his displeasure with Defendant's questions, Gagliano terminated the deposition early by turning off the video call. Docket No. 98 at 5. Plaintiffs' counsel attempted to have Gagliano's deposition completed; however, after Plaintiffs' counsel's discussions with opposing counsel, Gagliano was unwilling to finish his deposition without a protective order. *Id.* at 6.

Plaintiffs ask the Court to issue a protective order for Gagliano's deposition. Docket No. 98. They submit that Gagliano terminated the call early because of "repeated badgering,

harassment, annoyance," and questions about irrelevant and inappropriate topics, including old civil judgments, old criminal convictions, a book Gagliano wrote, and his father's obituary. *Id.* at 5. Plaintiffs submit that Defendant's questions are not relevant or proportional to the claims and defenses at issue in the instant action, are outside of the scope of permissible discovery, and are only intended to annoy, embarrass, and oppress Gagliano. *Id.* at 7-10. They ask the Court to issue a protective order to protect him from further harassment and embarrassment. *Id.* Plaintiffs submit that good cause exists to support a protective order because Defendant's questioning establishes "a clear agenda to embarrass, annoy, oppress, and create an undue burden" for Gagliano." *Id.* at 9. Plaintiffs therefore ask the Court to limit the scope of permissible questioning both in topics and temporally to the months of Gagliano's involvement in negotiating the rent dispute at issue in the underlying action and to explicitly bar Defendant from asking about Gagliano's book, criminal history, or prior civil legal disputes. *Id.* at 9-12.

Defendant responds that Plaintiffs' motion should be denied. Docket No. 107. Defendant submits that discovery thus far has suggested that Gagliano was much more involved in the underlying rent dispute than Plaintiffs suggest and that its questions at the deposition were not irrelevant or inappropriate, but rather were intended to elicit more information about Gagliano's involvement in the operations and management of his sister's childcare business. *Id.* at 6-7.

Pursuant to Federal Rule of Civil Procedure 26(c), a protective order can be requested by a party or non-party only if the discovery is sought from that party or non-party. Here, the deposition of Gagliano is discovery sought from a non-party, and not from Plaintiffs.[1] Plaintiffs make no showing as to how they have standing to seek a protective order for this deposition. Accordingly, their request for a protective order as to Gagliano's deposition, Docket No. 98, is

---

[1] Throughout their briefing on the various discovery disputes that are currently before the Court, the parties contest whether Gagliano should be classified as a party in the instant action. *See, e.g.*, Docket Nos. 98 at 1-2, 8; 107 at 6-7. The Court expresses no opinion as to whether he should be classified as a party. At this juncture, Gagliano is not a party to the action and, therefore, the non-party standards apply to him. Moreover, the Court is not convinced that speculation that Gagliano might one day be a party to this litigation means that party standards should apply to discovery involving him. *Cf. Taddeo v. Am. Invsco Corp.*, 2016 U.S. Dist. LEXIS 17697, at *4-6 (D. Nev. Feb. 11, 2016) (finding that a former defendant is treated as a non-party for discovery purposes).

**DENIED**. *See Int'l Game Tech. v. Illinois Nat'l Ins. Co.*, 2017 U.S. Dist. LEXIS 227932, at *5-6 (Oct. 31, 2017).

The Court now turns to Defendant's motion regarding Gagliano's deposition. Defendant asks the Court to compel Gagliano to finish his deposition and for the attorneys' fees and costs associated with having to litigate this issue. Docket No. 108 at 15-17. Defendant submits that Gagliano and his counsel, who also represent Plaintiffs in the instant action, impeded, delayed, and frustrated the deposition through frequent objections, failures and refusals to answer questions, and non-responsive answers, including Gagliano terminating the video call before the deposition ended. *Id.* at 14-17. Defendant asks the Court to compel Gagliano to sit for his deposition for the remaining four hours and to pay the associated fees and costs associated with litigating both Plaintiffs' motion for a protective order and its motion to compel. *Id.* at 16-17.[2]

The Federal Rules of Civil Procedure allow parties to take oral depositions of any person. Fed. R. Civ. P. 30(a)(1). If a party seeks to depose a non-party to the litigation, the deposing party must issue a subpoena to the non-party. *Id.; see also Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). Pursuant to Federal Rule of Civil Procedure 37(a), a party seeking discovery can move to compel discovery after a good-faith meet and confer with the person from whom discovery is sought. When the motion seeks to compel a non-party to provide discovery, the motion "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). If the deposition is taken remotely, "the deposition takes place where the deponent answers the questions." Fed. R. Civ. P. 30 (b)(4). A court lacks jurisdiction to decide issues related to a deposition if the deposition is happening in another district. *See Int'l Game Tech*, 2017 U.S. Dist. LEXIS 227932, at *6-7.

---

[2] The Court will not address Defendant's request that Plaintiffs be required to provide Gagliano's current residential address. Federal Rule of Civil Procedure 26(a)(1)(i) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information. . .." Defendant provides Plaintiffs' initial disclosures, which includes an address and contact information for Gagliano via his counsel. Docket Nos. 180-13; 108-14. Defendant fails to provide any legal authority or meaningful argument to support its assertion that Plaintiffs' initial disclosures are inadequate under the requirements of the Federal Rules of Civil Procedure and the Court only addresses meaningfully developed arguments. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 n.6 (D. Nev. 2013).

4

Defendant fails to establish that this Court is the proper venue for its motion to compel the deposition of Gagliano. Defendant, in fact, admits that this Court is not the place of compliance in its own briefing, submitting that its knowledge of Gagliano's address is necessary so that it can determine the proper place of compliance. *See, e.g.*, Docket Nos. 108 at 12-13; 126 at 7-8. This Court therefore lacks the jurisdiction to hear disputes related to Gagliano's deposition. *See Int'l Game Tech*, 2017 U.S. Dist. LEXIS 227932, at *6-7; Fed R. Civ. P. 30(b)(4). Defendant provides no argument or authority to demonstrate that jurisdiction over this dispute is proper in this Court.[3]

Accordingly, Defendant's countermotion to compel, Docket No. 108, is hereby **DENIED** without prejudice. Further, Defendant's motion for attorneys' fees related to the deposition, Docket No. 109, is also **DENIED** without prejudice.

### III.  THE ACCOUNTANT SUBPOENA[4]

Plaintiffs ask the Court to quash Defendant's subpoena for records held by D. Cluett Enterprises, LLC, d/b/a Affordable Accounting, which is located in Mesa, Arizona. *See* Docket Nos. 102 at 8-11; Docket No. 102-4 at 2-3. The subpoena in questions seeks, *inter alia*, records related to communications with Plaintiffs about rent checks, including checks that did not properly clear; specific checks paid to Defendant by Plaintiffs; liability and accounting for Plaintiffs' childcare companies; conversations about Defendant and Defendant's employees; whether Plaintiffs sought and obtained Paycheck Protection Program loans; and profit and loss statements for Plaintiffs' companies. Docket No. 102-4 at 5-9.

---

[3] When it appears that subpoena-related motion practice may have been filed in the wrong district, the Court may raise that potential defect *sua sponte*. *Gutierrez v. Uni Trans, LLC*, 2021 WL 2821071, at *3 (D.N.M. July 7, 2021).

[4] Although Defendant's response to the instant motions for a blanket protective order and Plaintiffs' challenges to the subpoenas exceeds this Court's page limit for motions, the Court will, as a one-time courtesy, allow this filing despite it being filed in violation of the Court's local rules. *See* LR 7-3. Accordingly, Plaintiffs' motion to strike the response, Docket No. 120, is **DENIED**. Both parties have filed voluminous filings and the Court cautions both parties to adhere to the Court's local rules for filing. LR 7-3. This also includes the requirement that both parties have violated requiring each issue brought before the Court to be filed as a separate document. LR IC 2-2(b). Continued violations of the Court's local rules by either party may result in sanctions. *See* LR IA 11-8(c).

Plaintiffs submit that the subpoena seeks information that is irrelevant, is being sought to annoy, harass, embarrass, and overburden them, and seeks information outside of the temporal scope of the litigation. Docket No. 102 at 8-11. Specifically, Plaintiffs submit that this subpoena is overbroad and seeks their protected and confidential accounting information, and that disclosing this information would jeopardize their privacy interests in maintaining its confidentiality. *Id.* at 11. Plaintiffs further submit that the subpoena is overbroad, as it seeks information outside of the temporal scope of the dispute, between January 2020 and April 2021. *Id.*

Plaintiffs further ask the Court to issue a protective order regarding the information sought in the subpoena. *Id.* at 13-14. Plaintiffs submit that good cause exists to issue a protective order because the subpoena seeks confidential information that is only being sought to "harass, annoy, embarrass, and cause an undue burden" for Plaintiffs. *Id.* Plaintiffs submit that Defendant, in seeking information back to 2017, has established that its purpose in seeking this information is improper and asks the Court to stop its attempts to do so. *Id.* at 14. Plaintiffs further ask the Court to limit the scope of discovery to 2020 to 2021, which it submits is the only relevant timeframe for the instant action. *Id.*

In response, Defendant submits that Plaintiffs have no standing to quash the subpoena, as it commands another party to produce documents and records, and the other party did not object to the subpoena before responding to it. Docket No. 116 at 18-19, 21-23. Defendant further submits that the documents requested by the subpoena have already been produced in full. *Id.* at 16. Defendant submits that the requests in the subpoena are narrowly tailored to specific documents and relevant time periods. *Id.* Defendant submits that, as the subpoena requests information that is relevant to the claims, defenses, and counterclaims in the instant action as the claims include a decision about whether Defendant had grounds to terminate the lease at issue. *Id.* at 18-21, 23-24. Defendant further submits that Plaintiffs offer only conclusory and vague arguments in contesting the subpoena, and do not substantiate their claims of harm. *Id.* at 24-25.

In reply, Plaintiffs submit that they have standing because the underlying documents contain information in which they have a personal right or privilege. Docket No. 121 at 3-5. They urge the Court to follow the cases recognizing that right or privilege as a ground for standing to

6

quash a third-party subpoena. *Id.* Plaintiffs further submit that the requested documents are irrelevant because they probe into the personal financial lives of Counterdefendants Chrisetta Rush and Arthur Rush and submit that their personal finances are outside the scope of the instant action. *Id.* at 5-6. Plaintiffs submit that Defendant has a pattern of harassing behavior and ask the Court to quash the subpoena and issue a protective order to protect them from harassment and further embarrassment. *Id.* at 6-7.

Federal Rule of Civil Procedure 45 governs disputes relating to subpoenas. Pursuant to Rule 45, a subpoena may be quashed by a court; however, the request must be decided by the district court where compliance is required. *See* Fed. R. Civ. P. 45(d)(3). For subpoenas commanding document production, the subpoena may command "production . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). For the subpoena at issue here, the place of compliance is within 100 miles of where D. Cluett Enterprises, LLC is located which, based on the parties' submissions, is Mesa, Arizona. The place of compliance is a jurisdictional issue. *See Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014).[5]

This Court is more than 100 miles from Mesa, Arizona, and the parties have made no representations as to how this Court is the proper venue to decide issues related to this subpoena. Therefore, the Court finds that it does not properly have jurisdiction to decide the merits of any issues related to the subpoena. *See, e.g.*, *Taddeo v. Am. Invsco Corp.*, 2016 U.S. Dist. LEXIS 17697, at *3 (D. Nev. Feb. 11, 2016) (citing *Agincourt Gaming*, 2014 WL 4079555, at *3). Accordingly, the request to quash the D. Cluett Enterprises, LLC subpoena is **DENIED** without prejudice.[6]

---

[5] When it appears that subpoena-related motion practice may have been filed in the wrong district, the Court may raise that potential defect *sua sponte*. *Gutierrez v. Uni Trans, LLC*, 2021 WL 2821071, at *3 (D.N.M. July 7, 2021).

[6] If exceptional circumstances exist, the court where compliance is required may transfer a motion to quash a non-party subpoena to the court where the action is pending. *See, e.g.*, Fed. R. Civ. P. 45(f). This decision, however, is properly determined by the court of compliance, not this Court. *See Agincourt Gaming*, 2014 WL 4079555, at *4 (internal citations omitted). To the extent that the parties believe this Court is the court of compliance for this issue to be determined, any

## IV. THE BANK SUBPOENA

Plaintiffs ask the Court to quash a subpoena Defendant served on U.S. Bank. Docket No. 102. Plaintiffs ask the Court to quash the subpoena on the ground that it seeks their bank records, that they maintain a personal right or privilege in the information contained therein, and that the information is sensitive and personal. *Id.* at 8-11. The subpoena in question seeks records related to several types of information about a U.S. Bank account ending in 7237. Docket No. 102-2 at 5-13. Specifically, it seeks records about when the account was created, who the account holders are and have been, who the authorized signatories are and have been, bank statements from January 2020 through December 2021, information about whether the account was designated as a convenience account or an agency account, and information about who currently is and has been authorized with power of attorney for finances for the account. *Id.* at 8.

Plaintiffs submit that the subpoena seeks information related to the personal account of Arthur Rush and Chrisetta Rush, who are not guarantors to the lease at issues in this case, and that such information is irrelevant because Defendant seeks this information to harass, annoy, embarrass, and overburden Plaintiffs, and to support a frivolous alter ego counterclaim. Docket No. 102 at 4-7. Plaintiffs submit that the information being sought is irrelevant because the Rushes are not personally liable for the lease at the center of the dispute and, therefore, their personal bank information is outside the scope of discovery. *Id.* at 9-10. Plaintiffs submit that their privacy interests are implicated in this non-party discovery because the subject documents are Plaintiffs' personal bank records and the only reason Defendant would seek this information is to annoy, harass, embarrass, and overburden them. *Id.* at 10-11. Plaintiffs ask the Court to quash the subpoena in full or to significantly limit the request. *Id.* at 11.

In the alternative, Plaintiffs ask the Court to issue a protective order barring the disclosure of the bank records sought in this subpoena. *Id.* at 11-13. Plaintiffs submit that Defendant makes broad requests with no attempt to tailor the information being sought to the immediate needs of the case and fails to temporally limit the subpoena to the appropriate timing of the lease dispute.

future request must fully set forth points and authority as to that issue, as well as to how the party has standing to challenge the non-party discovery requested.

*Id.* at 12-13.  Plaintiffs submit that good cause exists for a protective order because Defendant cannot establish the relevancy of its requests and Defendant's prior behavior in other discovery disputes in this matter lead them to reasonably believe that the subpoena was only served for the improper purpose of harassing and annoying Plaintiffs.  *Id.*

In response, Defendant submits Plaintiffs have no standing to move to quash the subpoena as it seeks documents and records from a third party who has not objected to the subpoena.  Docket No. 116 at 18-19, 21-23.  Defendant asks the Court to find that a personal right or privilege in some of the information being sought does not establish party standing to challenge a subpoena to a non-party.  *Id.* at 21-23.

Defendant further submits that, should the Court find that Plaintiffs have standing to challenge the subpoena, the grounds on which they challenge it are invalid grounds for a party to challenge a non-party subpoena under the governing case law.  *Id.*  Defendant submits that the subpoena seeks relevant information that establishes facts for the claims, defenses, and counterclaims related to the lease termination in this action.  *Id.* at 23-24.  Moreover, Defendant submits that Plaintiffs offer only vague and conclusory allegations of harm and annoyance in challenging the subpoena and seeking a protective order, which is not sufficient under the case law.  *Id.* at 24-25.  Finally, Defendant submits that Plaintiffs fail to establish good cause for a protective order as they make broad and speculative requests in support of their request for a protective order and have failed to establish a pattern of harassing and annoying behavior based on the information set forth in Plaintiffs' motion.  *Id.* at 25-27.

In reply, Plaintiffs submit that they have standing because the underlying documents contain information in which they have a personal right or privilege.  Docket No. 121 at 3-5. Plaintiffs further submit that the requested records are irrelevant because they probe into the personal financial lives of Chrisetta Rush and Arthur Rush and their personal finances are outside the scope of the instant action.  *Id.* at 5-6.  Plaintiffs submit that Defendant has a pattern of harassing behavior and ask the Court to quash the subpoena and issue a protective order to protect them from that harassment and further embarrassment.  *Id.* at 6-7.

Federal Rule of Civil Procedure 45 governs disputes relating to subpoenas. Pursuant to Rule 45, a subpoena may be quashed by a court; however, the motion must be decided by the district court where compliance is required. *See* Fed. R. Civ. P. 45(d)(3). As U.S. Bank regularly does business in the state of Nevada, this Court properly has jurisdiction to decide issues related to this non-party subpoena.

"It is . . . well established that the party [moving to quash a subpoena] bears the burden of showing why a discovery request should be denied." *Painters Joint. Comm. V. Emple. Painters Trust Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 28, 2011) (citing *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Generally, the Federal Rules of Civil Procedure allow any party to obtain discovery that is not privileged and is relevant to a claim or defense of any party. *See* Fed. R. Civ. P. 26(b). The scope of non-party discovery under Federal Rule 45 is the same as the scope of party discovery under Rule 26. *See Painters Joint Comm.*, 2011 WL 4573349, at *5 (collecting cases).

Generally, a party has no standing to seek to quash a subpoena issued to a non-party in the action. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at * 2 (D. Nev. Nov. 22, 2013) (citing *Sneirson v. Chem. Bank*, 108 F.R.D. 159, 160 n.2 (D. Del. 1985)). There is a split in this District as to whether a party has standing to move to quash a non-party subpoena when the party has "some personal right or privilege" in the documents being sought. *Playstudios, Inc. v. Centerboard Advisors, Inc.*, 2019 U.S. Dist. LEXIS 75873, at *4-5 (D. Nev. May 6, 2019) (discussing District split and collecting cases). *See also Wells Fargo, N.A. v. Iny*, 2014 U.S. Dist. LEXIS 62381, at *3-5 (D. Nev. May 6, 2014) (collecting cases).

Because the Court has not located clear guidance from the Ninth Circuit on the issue of standing, the Court will leave for another day the resolution of the standing issues. The Court will assume for the purpose of this motion that standing exists and will address the motion on its merits. *Wells Fargo, N.A.*, 2014 U.S. Dist. LEXIS 62381, at *5.

In analyzing any motion, the Court must determine the applicable standards. Given that the subpoena at issue involves non-party discovery, Rule 45 governs. The party moving to quash a subpoena bears the burden of establishing why the discovery request should be denied. *Painters*

*Joint Comm.*, 2011 WL 4573349, at *5 (citing *Blankenship*, 519 F.2d at 429).  Generally, the Federal Rules of Civil Procedure allow any party to obtain discovery that is not privileged and that is relevant to a claim or defense of any party.  *See, e.g.*, *id.*; *see also* Fed. R. Civ. P. 26(b). Discovery sought must also be proportional to the needs of the case. *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016); Fed. R. Civ. P. 26(b)(1). To determine whether a request is properly within the scope of discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Paws Up Ranch, LLC*, 2013 WL 6184940, at*4 (quoting *Painters Joint Comm.*, 2011 WL 4573349, at *5).

      Here, Defendant alleges in its counterclaims that Plaintiffs, under alter ego liability, were guarantors of the lease and that their financial condition changed in a materially adverse way, in violation of the guaranty agreement within the lease. Docket No. 75. Given that Plaintiffs' financial status is relevant to these counterclaims, the Court finds that these bank records are discoverable.  Plaintiffs' general assertions that Defendant's purpose in seeking these records is to annoy, harass, embarrass, and overburden them are only generally stated and no specific examples are provided that would enable the Court to assess the particular harm that will be endured should U.S. Bank comply with Defendant's subpoena.  Moreover, the Court expresses no opinion as to limiting the relevant time period of the dispute at this time.  Defendant's counterclaims relate to a longer time frame than Plaintiffs' suggested time frame. The governing time frame is, therefore, a factual dispute that is not properly determined at this juncture. The Court notes that the requested statements relate to the period of time closest to the alleged breach of lease, which is proportional to the needs of the case. The Court therefore finds that the banking

records sought are relevant and discoverable. Accordingly, Plaintiffs' request to quash the bank subpoena is **DENIED**.[7]

## V. BLANKET PROTECTIVE ORDER

Plaintiffs ask the Court to issue a blanket protective order as to all produced documents in this litigation. Docket No. 104. Plaintiffs submit that they attempted to meet and confer with Defendant about a stipulated protective order in this case in February 2022 and never received a response. *Id.* at 14-15. *See also* Docket No. 104-5. Plaintiffs submit that good cause exists to issue a blanket protective order because much of the information at issue relates to their confidential financial information, trade secrets, commercial information, and other business research and development. Docket No. 104 at 14-15. Plaintiffs submit that Defendant did not provide valid reasons to disregard their request for a protective order and asks the Court to impose one in the interests of the "just, speedy, and inexpensive determination" of this action. *Id.*

In response, Defendant submits that counsel did respond with its proposed edits to the proposed protective order and asks the Court to deny Plaintiffs' request. Docket No. 116.[8] Defendant submits that there is no need for a protective order as the purpose of protective orders is to expedite the discovery process and the discovery period has ended. *Id.* at 28. Defendant submits that the only outstanding discovery is the subpoena response from U.S. Bank and, therefore, a blanket protective order is unnecessary. *Id.*

In reply, Plaintiffs ask the Court to issue a blanket protective order to protect the sensitive financial information at issue in this case. Docket No. 121 at 7. Plaintiffs contest Defendant's representation that their request is untimely, as they initially requested a stipulated protective order months before filing the instant motion. *Id.* Moreover, they submit that protective orders also

---

[7] The Court is mindful that Plaintiffs have a privacy interest in the bank documents as the information relates to their own financial information. Such concerns can be addressed through the entry of a stipulated protective order. *See, e.g.*, *Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 62381, at *7.

[8] The Court is not convinced that Defendant's representation that it did not ignore Plaintiffs' request for a protective order is an accurate description of the facts as to this dispute. From its own submissions to the Court, Defendant did not respond to Plaintiffs' request until May 27, 2022, over three months after Plaintiffs sent the initial request and after Plaintiffs filed the instant motion. *See* Docket Nos. 116 at 17; 116-7.

12

exist to safeguard litigants' interests, and they have a large interest in protecting their sensitive financial information that is at issue in the instant case. *Id.*

As a preliminary matter, the Court finds that Plaintiffs' motion for a protective order is timely. There is no specific time limit set forth in the Federal Rules of Civil Procedure as to when a protective order must be sought. *See* Fed. R. Civ. P. 26(c). Moreover, Plaintiffs previously tried in good faith to negotiate a stipulated protective order with Defendant without court intervention and were met with months of non-responsiveness. Other courts have found this sufficient to consider a motion for a protective order as timely. *See, e.g.*, *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991).

Under Federal Rule of Civil Procedure 26(c), a party "may move for a protective order in the court where the action is pending" after a good faith attempt to confer with the other affected parties to resolve the dispute without needing court intervention. Fed. R. Civ. P 26(c)(1). Pursuant to Rule 26, courts can enter protective orders requiring that confidential information not be revealed or be revealed in only a specified way. Fed. R. Civ. P. 26(c)(1)(B), (G). These protective orders are typically not controversial matters and are presented to the Court by stipulation of the parties. *Spurbeck v. Wyndham Destinations, Inc.*, 2021 U.S. Dist. LEXIS 84183, at *4 (D. Nev. May 3, 2021).

Here, both parties represent that they would agree to entering a protective order in this case and that there is at least some outstanding discovery. *See, e.g.*, Docket Nos. 104 at 14-15; 116 at 7, 28. Accordingly, the Court **GRANTS** Plaintiffs' motion for a protective order. Docket No. 104. The Court will provide the parties an opportunity to confer on the terms of such order. The parties must meet and confer on the terms of a protective order in this case no later July 29, 2022, and the Court trusts that they can negotiate in good faith and agree to the terms therein. A stipulated protective order – or motion for protective order if good faith conferral efforts prove ineffective – must be filed no later than August 1, 2022.

## VI.   CONCLUSION

Accordingly, for the reasons discussed more fully above, **IT IS ORDERED** that:

1. Plaintiffs' motion for a protective order (Docket No. 98) is **DENIED.**

2. Plaintiffs' motion to quash (Docket No. 102) is **DENIED.**

3. Plaintiffs' motion for a protective order (Docket No. 104) is **GRANTED**. The parties must meet and confer no later than July 29, 2022, on the terms of a protective order. A stipulated protective order must be filed no later than August 1, 2022.

4. Defendant's countermotion to compel (Docket No. 108) is **DENIED**.

5. Defendant's motion for attorneys' fees (Docket No. 109) is **DENIED**.

6. Plaintiff's motion to strike (Docket No. 120) is **DENIED.**

IT IS SO ORDERED.

Dated: July 22, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

14