**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 4R4 SONS, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:21-cv-01081-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| TRU G. WILHELM, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Remand, (ECF No. 15), filed by 4R4 Sons, LLC, *et al.* ("Plaintiffs"). Defendant Tru G. Wilhelm, Inc. ("Defendant") filed a Response, (ECF No. 21), to which Plaintiffs filed a Reply, (ECF No. 24).

Also pending before the Court is the Motion for Leave to File Supplemental Memorandum in Support of Defendant's Opposition to Plaintiffs' Motion to Remand ("Motion for Leave to File"), (ECF No. 48), filed by Defendant. Plaintiffs filed a Response, (ECF No. 55), and Defendant filed a Reply, (ECF No. 63).

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Defendant's Motion for Leave to File.

**I.  BACKGROUND**

This case arises from a landlord-tenant dispute regarding a commercial property owned by Defendant and rented by Plaintiffs. (*See generally* Am. Compl., ECF No. 3-17). The parties provided a detailed review of the facts and procedural history of this case in the briefing for the Motion to Remand. (*See* Mot. Remand 3:6–5:7, ECF No. 15); (Resp. Mot. Remand 1:22–4:3, ECF No. 21). Plaintiffs now move the Court to remand this case back to state court because,

among other things, the jurisdictional requirements under 28 U.S.C. § 1332 are not satisfied. (*See generally* Mot. Remand).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. DISCUSSION

Plaintiffs move the Court to remand this action for four reasons: (1) the amount in controversy is not met; (2) Defendant waived its right to remove by manifesting its intent to litigate this matter in state court; (3) Defendant is engaging in forum shopping; and (4) Defendant is improperly seeking a de facto appeal of the state court's adjudication. (Mot. Remand 6:6–13:10).  In addition, Plaintiffs seek attorney's fees because Defendant lacked an objectively reasonable basis to remove the case. (*Id.* 13:11–15:17).  Defendant opposes each claim, (*see generally* Resp. Mot. Remand), and moves the Court for leave to file a supplemental brief regarding jurisdiction, (*see generally* Mot. Leave File, ECF No. 48).  The Court first turns

to the issue of remand, specifically, whether the amount in controversy is met, then addresses Defendant's Motion for Leave to File, and ends with the issue of attorney's fees.

### A. **Plaintiffs' Motion to Remand – Amount in Controversy**

Plaintiffs argue Defendant has not met its burden of proving that subject matter jurisdiction exists because it fails to show that the object of the litigation exceeds $75,000. (Mot. Remand 6:8–27). Defendant responds that the object of the litigation, which it avers is a possessory intertest in the leasehold property, exceeds the jurisdictional amount because Plaintiffs owe Defendant $87,391.12 in late rental payments. (Resp. Mot. Remand 5:24–6:28). Defendant also argues that Plaintiffs' attorney's fees exceed $75,000. (*Id.* 8:16–10:12).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. . . . Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A removing party must provide specific, factual allegations showing how the case in controversy exceeds $75,000. *See id.* Further, the Court may consider "facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* The removing party may not rely on speculation to demonstrate that the amount in controversy is met. *Roberts v. Walmart Inc.*, No. 2:19-cv-00509-MMD-EJY, 2019 WL 4696400, at *2 (D. Nev. Sept. 26, 2019).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* (quoting *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)).

Here, Defendant does not meet its burden. The object of the litigation in this case is Plaintiffs' ability to continue to lease the commercial property in question. Thus, to satisfy its burden of establishing the amount in controversy related to Plaintiffs' ability to lease the commercial property, Defendant is required to prove, by a preponderance of the evidence, that the benefit to Plaintiffs of continuing their lease would exceed $75,000, or that the cost to Defendant of Plaintiffs continuing their lease would exceed $75,000. The pecuniary benefit Plaintiffs gain by continuing their lease is their ability to retain the same space to continue its business operations.[1] Defendant contends that Plaintiffs benefit from lower rental payments than other leases of similar buildings in the greater Las Vegas area. (*See* Resp. Mot. Remand 7:5–8:6). Defendant attempts to prove this pecuniary benefit by providing a Declaration by Brett Wilhelm, where Mr. Wilhelm states that based on his research, analysis, and calculations, Plaintiffs pay approximately $52,050.00 per year below the current market lease rates. (*See* Decl. Brett E. Wilhelm ¶¶ 8–11, Ex. 5 to Pet. Removal, ECF No. 3-5).

However, Defendant fails to provide evidence supporting Mr. Wilhelm's total calculation. (*See* Suppl. Decl. Brett E. Wilhelm ¶ 6, Ex. 1 to Resp. Mot. Remand, ECF No. 21-1) (declaring that some of the listings and notes Mr. Wilhelm relied on to calculate the $52,050.00 figure are unavailable). Further, Mr. Wilhelm relies on properties dissimilar to the commercial property in question. (*See id.* ¶ 7–11, 14–17, Ex. 1 to Resp. Mot. Remand) (pointing to properties where square footage, location, building features, and age vary significantly to each other and to the commercial property in this case). In addition, Defendant does not show that the properties Mr. Wilhelm cites to in his Declaration have similar lease terms as the lease at issue here. As a result, Defendant does not meet its burden of proving, by

---

[1] Defendant argues that the object of the litigation is a possessory interest in the lease of the commercial property. However, the value of the commercial property is not at issue in this case because ownership of the property is not in dispute. Thus, the Court does not entertain this interpretation of the object of the litigation.

a preponderance of the evidence, that Plaintiffs' benefit or Defendant's cost of Plaintiffs continuing their lease exceeds $75,000.[2] *See Corral*, 878 F.3d at 775.

Further, Defendant relies on speculation to determine that Plaintiffs' attorney's fees exceed the amount in controversy. "This Court considers attorneys' fees to be within the amount in controversy if the removing party: (1) identifies 'an applicable statute which could authorize an award of attorneys' fees and (2) provide[s] an estimate as to the time the case will require and opposing counsel's hourly billing rate.'" *Lopez v. Walmart, Inc.*, No. 2:20-cv-01228-GMN-VCF, 2021 WL 3566414, at *4 (D. Nev. Mar. 22, 2021) (quoting *Cayer v. Vons Cos.*, No. 2:16-cv-02387-GMN-NJK, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017)). Defendant has not set forth any basis under which an award of attorney's fees may be warranted in this case. In fact, Defendant admits it does not know the amount of attorney's fees Plaintiffs have incurred. (*See* Resp. Mot. Remand 9:4–5). Instead, it argues Plaintiffs' attorney's fees meet the jurisdictional requirement under § 1332 by speculating about the personnel working on behalf of Plaintiffs' case. (*See id.* 8:25–9:3). Because Defendant offers no evidence to prove Plaintiffs' attorney's fees exceed $75,000, it does not meet its burden of proving, by a preponderance of the evidence, that the amount in controversy is met.[3] Accordingly, the Court grants Plaintiffs' Motion to Remand.

### B. Defendant's Motion for Leave to File

Defendant's renewed attempt to prove that the amount in controversy is met via its Motion for Leave to File is unavailing. "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). Good cause under LR 7-2(g) exists if a party seeks leave to file supplemental briefing in a reasonably

---

[2] In the alternative, even if Defendant's calculations were applicable, the $52,050.00 figure falls well short of the jurisdictional requirement under § 1332.
[3] Because Defendant failed to prove, by a preponderance of the evidence, that the amount in controversy is met, the Court need not address the issues of waiver, forum shopping, or the *Rooker-Feldman* doctrine.

diligent manner. *See, e.g.*, *De Luna v. Sunrise Hosp. & Med. Ctr., LLC*, Case No. 2:17-cv-01052-JAD-VCF, 2018 WL 4053323, at *5 (D. Nev. Aug. 24, 2018).  "Further, the Court will only find good cause exists to allow . . . supplemental briefing if the proposed briefing will make a substantive difference." *Chemeon Surface Tech., LLC v. Metalast Int'l, Inc.*, No. 3:15-cv-00294-MMD-CBC, 2019 WL 938384, at *8 (D. Nev. Feb. 26, 2019) (citing *Morrison v. Quest Diagnostics Inc.*, Case No. 2:14-cv-01207-RFB-PAL, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 F. App'x 350 (9th Cir. 2017).  Further, "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)); *Freeport-McMoRan, Inc. v. K N Energy*, Inc., 498 U.S. 426, 428 (1991) (affirming previous decisions holding that "diversity of citizenship is assessed at the time the action is filed").

      Here, Defendant does not show good cause exists to supplement its opposition to Plaintiffs' Motion to Remand.  Defendant wishes to submit evidence of Plaintiffs' attorney's fees to demonstrate that the amount in controversy exceeds $75,000.  However, Defendant fails to demonstrate that it was reasonably diligent in seeking leave to file supplemental briefing.  Defendant was made aware of Plaintiffs' attorney's fees, totaling $73,064.62, on October 7, 2021. (*See* Pls.' First Suppl. Initial Disclosures 5:6–11, 6:4, Ex. 2 to Mot. Leave File, ECF No. 48-2).  Despite possessing evidence that the amount in controversy could likely be met, Defendant waited nearly four months to file its Motion for Leave to File. (*Compare* Pls.' First Suppl. Initial Disclosures 6:4, Ex. 2 to Mot. Leave File), (*with* Mot. Leave File).  Defendant explains that the evidence was not available until recently, but Plaintiffs submitted their first supplemental initial disclosures approximately four months before Defendant filed its Motion for Leave to File. (*See* Mot. Leave File 5:19–21); (*See* Pls.' First Suppl. Initial Disclosures, Ex. 2 to Mot. Leave File).  Defendant makes no attempt to explain this lengthy gap. (*See generally* Mot. Leave File).

Further, Defendant states it filed its Motion for Leave to File seventeen days, or "ten judicial days," after it received Plaintiffs' bank account records showing they transferred more than $100,000 to McDonald Carano, LLP. (*See* Reply Resp. Mot. Leave File 5:11–18, ECF No. 63). However, this does not show that Defendant was reasonably diligent in waiting nearly four months after obtaining evidence that Plaintiffs' attorney's fees could likely satisfy the amount in controversy. *See T1 Payments LLC v. New U Life Corp.*, No. 2:19-cv-01816-APG-DJA, 2022 WL 195111, at *2 (D. Nev. Jan. 21, 2022) (finding good cause existed to allow a defendant to file supplemental briefing regarding personal jurisdiction because the defendant filed its motion for leave to file within two weeks of discovering new evidence); *York v. Bank of Am.*, No. 14-cv-02471-RS, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (finding that a defendant failed to show good cause to grant it leave to file a motion for reconsideration because it gave no reason for a "lengthy" thirty-five-day delay); *Campbell v. City of Milpitas*, No. 13-cv-03817-BLF, 2015 WL 3396809, at *2 (N.D. Cal. May 22, 2015) (concluding that the plaintiffs did not "demonstrate reasonable diligence in bringing their motion for leave to seek reconsideration" because they waited fifty-eight days to bring said motion). Thus, Defendant does not demonstrate it was reasonably diligent in seeking leave to file supplemental briefing.

Even if Defendant showed it was reasonably diligent, it does not demonstrate that the proposed briefing "will make a substantive difference." In removal cases, subject matter jurisdiction must be satisfied at the time of removal. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (considering whether the amount in controversy is met based on the evidence presented at the time of removal); *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (subsequent history omitted) (quoting *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.1 (9th Cir. 2009)) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."). Future attorney's fees may be considered in assessing the amount

in controversy, but said fees are measured at the time of removal. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Morongo Band of Mission Indians*, 858 F.2d at 1380.  Defendant did not provide evidence of Plaintiffs' future attorney's fees at the time of removal.  Rather, it wishes to rely on evidence gathered nearly eight months after it removed the case. (*Compare* Pet. Removal, ECF No. 3), (*with* Mot. Leave File).  Because the evidence presented originates after the time of removal, Defendant does not show this supplemental briefing will make a substantive difference. *See Chemeon Surface Tech., LLC*, 2019 WL 938384, at *8.  Thus, Defendant fails to demonstrate good cause exists for the Court to grant it leave to file supplemental briefing. *See De Luna*, 2018 WL 4053323, at *5.  Accordingly, the Court denies Defendant's Motion for Leave to File.

### C. <u>Plaintiffs' Request for Attorney's Fees</u>

Plaintiffs argue they are entitled to attorney's fees under § 1447(c) because Defendant did not possess an objectively reasonable basis for seeking removal. (*See* Mot. Remand 13:11–15:17).  Defendant takes issue at the precedent Plaintiffs cite to in support of their argument and contends it has an objectively reasonable basis for seeking removal. (Resp. Mot. Remand 14:13–16:2).

"Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); 28 U.S.C. § 1447(c).  Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, the Court disagrees that Defendant lacked an objectively reasonable basis for seeking removal.  The record does not reflect that Defendant intentionally contravened settled

law of proving that the amount in controversy exceeds $75,000 by failing to provide evidence to support its position. (*See* Mot. Remand 14:4–27). Instead, Defendant offers genuine arguments, albeit unpersuasive arguments, in opposition to Plaintiffs' Motion to Remand. For instance, Defendant correctly states the standard for remand in cases involving declaratory or injunctive relief and provides ample analysis applying said standard. (*See* Resp. Mot. Remand 5:24–6:1). Its arguments applying said standard, however, are unavailing. It also presented evidence to support its position. (*See generally* Resp. Mot. Remand). The evidence, however, lacked weight to meet its burden. That Defendant's arguments lack merit does not justify awarding attorney's fees. *Lussier*, 518 F.3d at 1065. Thus, the Court denies Plaintiffs' request for attorney's fees.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 15), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Supplemental Memorandum in Support of Defendant's Opposition to Plaintiffs' Motion to Remand, (ECF No. 48), is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending Motions, (ECF Nos. 10, 46, 59, 60, 99, 100, 101, 118, 130, 131, 135, 136, 140, 144), in this action are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk is instructed to close this case.

**DATED** this __6__ day of August, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT